## EISMONT v HANRATTY

Ohio Appeals, 8th Dist, Cuyahoga Co
No 10730.   Decided Sept 22, 1930

O. D. Eschelman, Cleveland, for Eismont.
Ray T. Miller, Cleveland, for Hanratty.

CLINE, J.

The sheriff claims that because the "taxes" which he failed to pay were levied for local assessments, that the word "assessments" is not included in the word "taxes" and therefore the plaintiff has no cause of action.

The petition alleges that "the sheriff was ordered to pay all taxes and assessments then owing upon the property" and that therefore the petition, to which we are solely relegated to determine this question, having alleged that the order of sale provided for the payment of taxes and assessments, the demurrer cannot be sustained upon that ground.

While it is not necessary to the decision of this action to determine whether or not it was the duty of the sheriff to pay "assessments" as such under the particular order, it seems that the question has been determined by the Supreme Court in the case of Makley vs Whitmore, 61 Oh St 587, which was a case in which the question arose whether or not certain local assessments for street and sewer improvements should have been paid out of the proceeds of a judicial sale.

The court overruled the demurrer to the petition of plaintiff and held that "assessments are a species of taxes and are included in the generic term "taxes" unless for some special reason they are excluded. * * *" That assessments are a species of taxes has been frequently decided by the Supreme Court of Ohio and such is the settled law of the state.

Hill vs Higdon, 3 Oh St 243.
Reeves vs Treasurer, 8 Oh St 303.
Cleveland vs Wick, 18 Oh St 358
Sessions vs Crunkilton, 20 Oh St 358
Chamberlain vs Cleveland, 34 Oh St 551
Raymond vs Cleveland, 42 Oh St 527

We are therefore of the opinion that assessments legally levied should have been paid by the sheriff out of the proceeds of the property which was sold.

It is further claimed that the plaintiff, Eismont, is not the proper party to the action but either the State of Ohio or the prior owner of the property is the person who would have the right to maintain such an action.

The order of the court obligated the sheriff to pay the taxes out of the funds received by him from the sale of the property and this placed an obligation upon the sheriff to pay it for the benefit of the purchaser of the land.   He could not discharge his duty to the court nor to the plaintiff unless the taxes levied against the property were properly paid and the only person who could benefit would be the plaintiff.

The prosecutor suggested that an action might properly be maintained against the Auditor by Eismont, if the assessment had not been properly placed on the duplicate, or as against the mortgagee of the premises who received the money to which he was not entitled.

It may be that when this case goes back for retrial that the proper parties may be brought into the action and their rights there determined but the right of plaintiff to recover from the Sheriff for failure to carry out the orders of the court would not be destroyed by the fact that there may be another remedy against some other person.

**Hoglen vs Cohen, 30 Oh St 441** answers the argument of the sheriff that the state alone would have the right to collect. The court says:

"It was scarcely necessary to declare such a lien for the sole purpose of protecting the interests of the state, since under our general system of taxation the payment of taxes legally assessed against real property could not be successfully resisted. It would follow the land like a covenant of title into the hands of all successive owners. The payment of state taxes without this express lien, could only be jeopardized when the taxes levied on the land exceeds its value and the owner is found to be bankrupt."

We hold that since the sheriff was under the obligation to sell the property, and to pay from the proceeds the taxes levied against the property, that his failure to do so gave rise to a cause of action by the plaintiff against him.

It is further objected by the sheriff that on December 2, 1928, the date of the sale of the property in this case, the duplicate of the Auditor did not disclose the amount of the taxes to be paid and therefore he was under no authority to determine the amount of the taxes not on the duplicate.

The petition makes no allegation that the taxes were not carried on the Auditor's duplicate nor was there any necessity for the petition to so state, for if the taxes were owing upon the property, the ministerial act of the auditor in failing to place them there would in no manner discharge the obligation. Such an allegation by the sheriff is defensive matter and should be set up in an answer to the petition, if at all.

It is not necessary for us at this time to decide that question, but inasmuch as this case will go back for retrial we may state that it is our opinion that it was not necessary that the taxes due for the current year be actually written on the auditor's duplicate.

**Hoglen vs Cohen, 30 Oh St 343**
**Makley vs Whitmore, 61 Oh St 587**
**State ex rel Donahey, Auditor vs Roose, Auditor, 90 Oh St 345.**

It was the duty of the auditor to place on the tax list of the county the amount of taxes levied. This is a ministerial duty specifically enjoined by law and in the discharge of this duty the County Auditor has no discretion.

The law provides that "the duplicate of taxes shall be delivered into the possession of the County Treasurer on or about October first annually, and it is his warrant for authority to collect the levies made together with penalties accruing thereon.

From the date that the duplicate is delivered into the hands of the treasurer, each parcel of land is charged with the payment of taxes levied against it. This is not changed in any degree and as stated in the case of Hoglen vs Cohen the taxes levied against the land are so far due and payable on the first day of October annually that they should be discharged out of the proceeds arising from a judicial sale.

If the taxes levied are not properly certified within the time allowed by law this does not defeat the levy nor destory the lien upon the property.

As stated by Donahue, J., in State ex rel Roose supra, "the same conditions would have arisen had he failed to place any other levy for state or local purposes upon the tax lists within the time and manner provided by law, and yet the state or any political division of the state cannot be permitted to become bankrupt merely because of the default of a ministerial officer in the performance of a plain duty specifically imposed upon him by law."

We therefore hold that if there were an assessment legally levied, the sheriff was in duty bound by virtue of the order of sale under which the property was sold, to ascertain and determine the amount of taxes then owing upon the property and pay it from the proceeds or to withhold the proceeds until the same could have been determined.

The judgment of the common pleas court is reversed and the cause remanded with directions to the common pleas court to overrule the demurrer.

Vickery, PJ, and Levine, J, concur.